UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   7/30/2020
```

ROY TAYLOR,

                    Plaintiff,

-against-

NYC; NY STATE GOVERNMENT; CUOMO;
BILL DEBLASIO; U.S. DEPT. OF JUSTICE;
CORP. COUNSEL; LETICIA JAMES,
ATTORNEY GENERAL,

                    Defendants.

20-cv-5036 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, currently detained at the Otis Bantum Correctional Center, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges, among other things, that the conditions of his confinement in the custody of the New York City Department of Correction put him at risk of serious harm because he is unable to remain six feet away from others and detainees in the general population are not tested for COVID-19. By order dated July 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    Claims on Behalf of Other Inmates

Plaintiff cannot bring suit on behalf of others. *See* 28 U.S.C. § 1654. A litigant proceeding *pro se* "must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *see also Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a prisoner to bring a class action on behalf of fellow inmates). The Court therefore dismisses from this action any claims that Plaintiff brings on behalf of another, and the action will proceed with Roy Taylor as the sole Plaintiff.

### B.    Habeas Relief

Plaintiff styles the complaint as a civil rights action under § 1983, but he also seeks release from incarceration. (Compl. at 11). Plaintiff contends that bail reform laws allow defendants to be released on their own recognizance, but assistant district attorneys are exercising discretion to "overcharge" criminal defendants (with more serious crimes) to avoid their release. (*Id.* at 6). He also alleges that criminal proceedings have been suspended indefinitely, though he concedes that "the Legal Aid Society has corresponded with the court [on behalf of criminal defendants] by way of email or teleconference." (*Id.* at 9).

"[H]abeas is the exclusive remedy for a state prisoner seeking an earlier release." *Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006). The "*habeas* provisions for state prisoners are 28 U.S.C. § 2254, applying specifically to 'a person in custody pursuant to the judgment of a State court,' and the somewhat broader provisions of [28 U.S.C.] § 2241, covering all persons 'in

custody' in violation of federal law." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). A § 2241 petition is generally considered the proper vehicle for a state pretrial detainee seeking to show that he is in custody in violation of the Constitution or federal law. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973).

If a district court treats a motion filed under some other provision as a § 2241 petition, it must notify the *pro se* petitioner that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Moreover, although § 2241 does not contain a statutory exhaustion requirement, it has been interpreted as requiring a petitioner to exhaust available state court remedies prior to seeking any relief thereunder in federal court. *See Carmona*, 243 F.3d at 632-34; *see also United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("[D]ecisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism.").

Here, Plaintiff has labeled this complaint as a civil rights action, and he seeks damages and release on his own recognizance. (Compl. at 11). Plaintiff does not allege that he exhausted any challenge to his custody by filing a *habeas* petition in the state court.[2] Plaintiff has also not named his custodian as a respondent in this action. In order to allow Plaintiff's civil rights claims to proceed expeditiously, the Court declines to recharacterize this application as arising under § 2241, and dismisses Plaintiff's claims seeking release from custody, without prejudice to Plaintiff's repleading these.

---

[2] Plaintiff states that many detainees have filed *habeas corpus* petitions that "have been ignored since the courts are shut down" (Compl. at 9), but this is insufficient to plead that he has exhausted his own claims by seeking relief in the state courts.

### C.     Sovereign Immunity

Plaintiff names the United States Department of Justice (DOJ) but does not identify any claims that he is asserting against this Defendant. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff does not invoke any statute that would waive the immunity of the DOJ, or plead any facts that would give rise to an inference that he is suing under a statute that waives the DOJ's sovereign immunity. It is also unclear why Plaintiff names a federal agency, as he is in the custody of the City of New York DOC, and his criminal proceedings are in state court. The Court therefore dismisses Plaintiff's claims against the DOJ based on its immunity to suit.

### D.     Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

Any claims for damages against New York State Governor Andrew Cuomo and New York State Attorney General Letitia James in their official capacities are also dismissed based on Eleventh Amendment immunity.

The Eleventh Amendment does not bar claims for prospective injunctive relief against state officials. *See Ex Parte Young*, 209 U.S. 123, 150-59 (1908). It is unclear, however, what injunctive relief, if any, Plaintiff seeks from the New York State Attorney General and Governor. The Court therefore dismisses any claims that Plaintiff may be making against Defendants Cuomo and James, without prejudice to Plaintiff's repleading such official-capacity claims for injunctive relief in any amended complaint that he may be permitted, under Rule 15 of the Federal Rules of Civil Procedure, to file in this action.

**E.     Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

Plaintiff does not mention New York State Governor Cuomo, New York State Attorney General James, or New York City Mayor Bill DeBlasio in the body of his complaint or allege any facts showing how they were personally involved in the events underlying Plaintiff's claims. Plaintiff's claims against Defendants Cuomo, James, and DeBlasio in their personal capacities are therefore dismissed for failure to state a claim on which relief may be granted.

Plaintiff's claims against Mayor DeBlasio in his official capacity are dismissed as redundant of Plaintiff's claims against the City of New York. *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources.").

Plaintiff also names "Corp Counsel" as a defendant, but it is unclear if he intends to sue the New York City Law Department, commonly referred to a Corporation Counsel, or a particular attorney with the New York City Law Department. Plaintiff has not included any allegations in the body of his complaint about "Corp Counsel," and the Court therefore dismisses this defendant for failure to state a claim on which relief can be granted.

**F.      Service on the City of New York**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Defendants NY State Government, the U.S. Department of Justice, New York State Governor Andrew Cuomo, New York State Attorney General Letitia James, Mayor Bill DeBlasio, and "Corp Counsel."

The Court declines to recharacterize this complaint as, in part, seeking *habeas* relief, because such claims are unexhausted and dismisses such claims without prejudice.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 30, 2020
           New York, New York

                                                                         MARY KAY VYSKOCIL
                                                                         United States District Judge