```
                                                      USDC SDNY
                                                      DOCUMENT
UNITED STATES DISTRICT COURT                          ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                         DOC #:
                                                      DATE FILED: 2/8/2021
```

| ROY TAYLOR, | |
|---|---|
| Plaintiff, | 20-cv-5036 (MKV) |
| -against- | OPINON & ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| NYC et al., | |
| Defendants. | |

MARY KAY VYSKOCIL, United States District Judge:

Before the Court is Plaintiff's letter motion seeking a preliminary injunction directing jail administrators to afford him greater access to the law library at Otis Bantum Correctional Center [ECF #12]. For the reasons stated below, Plaintiff's motion is DENIED.

## I.   BACKGROUND

Plaintiff Roy Taylor, proceeding *pro se*, brings this action under 42 U.S.C. § 1983. He is currently detained at the Otis Bantum Correctional Center. In his complaint [ECF #2 ("Cmpl.")], Plaintiff alleges that he and other inmates have been: (1) detained for more than a year without a trial, Cmpl. at 6; (2) "overcharged by assistant district attorneys," *id.*; (3) denied opportunities for "court appearance[s]" and access to the law library due to COVID-19 restrictions, *id.* at 8; and (4) "subject[ed] to catching COVID-19" due to a lack of social distancing and testing, *id.* at 7. Plaintiff seeks declaratory, monetary, and injunctive relief, including release without bail and "dropping charges." *Id.* at 11.

Plaintiff filed his complaint on behalf of himself and those similarly situated, and named as defendants the City of New York, the State of New York, Governor Andrew Cuomo, Mayor Bill DeBlasio, Attorney General Leticia James, and Corporation Counsel. *Id.* at 2. The Court, however, issued an Order explaining that a *pro se* plaintiff cannot bring suit on behalf of others,

and dismissing all of the defendants except the City based on sovereign immunity and for failure to state a claim [ECF #6].  The Court also explained that, although Plaintiff seeks some habeas-style relief (because § 2241 is the only vehicle to seek release from confinement), the Court declined to recharacterize the complaint as a habeas petition because Plaintiff did not name his custodian as a respondent or exhaust state court remedies [ECF #6 at 3].  Plaintiff filed a letter in response to the Court's Order urging the Court not to dismiss his case [ECF #8].

On October 30, 2020, the City, which is the only remaining defendant, filed a pre-motion letter seeking leave to file a motion to dismiss [ECF #11].  It argues that it is not responsible for delays in the state court judicial process or COVID-19 restrictions imposed by Governor Cuomo.  It also argues that Plaintiff failed to allege any injury to sustain claims based on denial of access to the law library and to COVID-19 testing.

On November 4, 2020, Plaintiff filed a letter motion for "injunctive relief for access to the courts" [ECF #12 ("Pl. Mot.")].  He seeks an injunction granting him access to the law library, as well as the ability to make phone calls and email opposing counsel, especially because he is "acting as his [own] attorney" in litigating various challenges.  Pl. Mot. at 1, 5.  He explains that he has "numerous suits pending in state and federal court," including criminal cases, that require his attention.  *Id.*  He specifically mentions that he was denied the opportunity to review a discovery disc produced in a separate § 1983 action that he litigated in the Southern District of New York, *Taylor v. Warden of the Manhattan Detention Center et al.*, 17-cv-7360 (AJN-KNF).  *Id*. at 2, 4.  He also asserts that COVID-19 restrictions are being used as an "excuse" to deny him access to the law library.  *Id.* at 1, 4.

The Court issued an Order, dated November 5, 2020, scheduling a telephone conference for December 17, 2020 to discuss Plaintiff's letter motion for injunctive relief and Defendant's

2

contemplated motion to dismiss [ECF #13].  The Court directed the "Warden or other official in charge . . . [to] produce [Plaintiff] at a suitable location within Otis Bantum Correctional Center, equipped with a telephone, for the purpose of participating in the telephone conference with the Court and defense counsel."  On December 17, 2020, the Court attempted to hold the conference, but the Warden failed to produce Plaintiff.  The Court rescheduled the conference for February 4, 2021 to hear argument.  Although he reiterated the complaints outlined above, Plaintiff elected largely to rest on his letter submission.

## II.     LEGAL STANDARD

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005).  To obtain a preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the movant must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.  *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

## III.     DISCUSSION

The Court finds that Plaintiff has not met his burden to show a likelihood of success on the merits of the claim that his right of access to the courts requires an injunction granting him greater access to the law library.  Plaintiff has also failed to show a likelihood of irreparable injury in the absence of a preliminary injunction.  Indeed, Plaintiff has likely failed to allege an injury sufficient to sustain a claim based on his right of access to the courts.  Moreover, the Court cannot find that the public interest would not be disserved by an injunction countermanding the

restrictions on access to the law library that the jail has put in place to protect inmates and corrections personnel during the COVID-19 pandemic.

In *Bounds v. Smith*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). The Supreme Court has explained, however, that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "meaningful access to the courts is the touchstone." *Id.* (quoting *Bounds*, 430 U.S. at 823). Thus, to sustain a claim based on his right of access to the courts, the prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* That is, the prisoner must "show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.*

There is a threshold question whether this Court is the appropriate forum for Plaintiff's motion seeking greater access to law library resources, since Plaintiff's allegations largely concern state court criminal proceedings and access to discovery materials in an unrelated civil action in this District. Although "[n]early all . . . access-to-court cases" arise in "direct appeals from . . . convictions" and "habeas petitions," the Supreme Court has "extended this universe of . . . claims" to "actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis*, 518 U.S. at 354 (quoting *Wolf v. McDonnell*, 418 U.S. 539, 579 (1974)). Thus, Plaintiff can

maintain an action in federal court for a violation of his constitutional right of access to the courts based on the denial of access to "law libraries or adequate assistance from persons trained in the law" necessary for meaningful participation in litigation. *Bounds*, 430 U.S. at 828.

However, Plaintiff's complaint contains numerous allegations about state court criminal proceedings that are not appropriate for this Court consider in evaluating the pending motion for a preliminary injunction. Plaintiff alleges that the "New York City and State government[s]" have "shut down the court system," Cmpl. 10, committed "speedy trial violations," and "conduct[ed] video communication hearings to resolve criminal matters," *id.* at 8. These allegations have nothing to do with the obligation of "prison authorities to assist inmates in the preparation and filing of meaningful legal papers." *Bounds*, 430 U.S. at 828. As the Court explained in an earlier order [ECF #6], insofar as Plaintiff seeks release on the basis of these alleged deficiencies, Plaintiff must exhaust state court remedies. To the extent that the allegations are the subject of pending habeas petitions or direct appeals, they are not appropriate grounds for a federal court preliminary injunction. Moreover, if Plaintiff is represented by counsel in his criminal cases, he is unlikely to succeed in arguing that he needs library time to defend himself in those cases. *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (holding that "appointment of counsel can be a valid means of satisfying a prisoner's right of access to the courts.").

In any event, Plaintiff is not likely to succeed on the merits of his access-to-the-courts challenge. Plaintiff alleges that he has been denied access to the law library; however, he does not sufficiently any injury from such lack of access. Plaintiff does not allege, for example, that he has been so stymied by lack of access to the law library that he has been unable to discover and assert claims for relief. *See Lewis*, 518 U.S. at 351. On the contrary, Plaintiff has filed

5

"numerous suits" in both state and federal court. Pl. Mot. at 1; *see id.* at 3 (listing more than two dozen cases, including "tort claims" and "legal malpractice" cases). Indeed, Plaintiff has actively litigated his cases in this District, filing letters requesting relief and responding to court orders. *See generally* 20-cv-5036; 17-cv-7360.

Plaintiff does specifically allege that he was denied the opportunity to review a discovery disc in connection with a different § 1983 action that he brought in this district, *Taylor v. Warden of the Manhattan Detention Center et al.*, 17-cv-7360 (AJN-KNF). Pl. Mot. at 2, 4. Plaintiff filed a similar letter in that case requesting that the court order jail administrators to give him additional time in the law library, and the court denied his request [17-cv-7360, ECF #98, 101]. It is clear that Plaintiff did receive and review discovery in that case because he filed motions based on that discovery [*see, e.g.*, ECF #80, 99 (discussing footage he reviewed)]. Thus, Plaintiff has not shown an injury, let alone a threat of irreparable harm, warranting a preliminary injunction that requires jail administrators to grant Plaintiff greater access to the law library.

The Court is also mindful that, as a general rule, jail administrators have broad discretion to manage their facilities, especially to maintain safety. *See Proctor v. LeClaire*, 846 F.3d 597, 610 (2d Cir. 2017) ("Courts must preserve prison officials' 'free[dom] to take appropriate action to ensure the safety of inmates and corrections personnel." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)); *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 129 (1977). In another context, the Supreme Court has explained that, even "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Thus, jail administrators have the authority and responsibility to place some restrictions on access to the law library to implement COVID-19 safety precautions, even if it somewhat hampers prisoners' ability to pursue their legal claims.

6

*See Proctor*, 846 F.3d at 610; *Turner*, 482 U.S. at 89.  Plaintiff cannot simultaneously maintain, in his complaint, that the jail has not taken adequate precautions to protect him from the risk of contracting COVID-19, Cmpl. at 1, and maintain, in his motion for a preliminary injunction, that COVID-19 restrictions are just an "excuse" to deprive him of his constitutional rights, Pl. Mot. at 1, 4.  In light of the need to respect the discretion of jail administrators to protect the safety of inmates and corrections personnel, the Court cannot find that the public interest would not be disserved by an injunction countermanding the restrictions that jail administrators have imposed on access to the law library during the COVID-19 pandemic.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to for a preliminary injunction is DENIED.

**SO ORDERED.**

Date:  **February 8, 2021**         _____
   **New York, NY**             **MARY KAY VYSKOCIL**
                      **United States District Judge**