```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY TAYLOR,

                Plaintiff,

    -against-

NYC et al.,

                Defendants.

20-cv-5036 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

    This case has been pending since June 2020 [ECF Nos. 1, 2]. Plaintiff, who is proceeding *pro se*, has not taken any action to prosecute this case for more than nine months [ECF No. 91]. The Court has issued Orders To Show Cause why this case should not be dismissed for failure to prosecute [ECF Nos. 97, 98], but Plaintiff has failed to respond to those Orders and otherwise to prosecute his case. Accordingly, for the reasons set forth below, this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

    Plaintiff, proceeding *pro se*, initiated this case in June 2020 [ECF No. 2 ("Cmpl.")]. He later filed a motion for a preliminary injunction directing jail administrators to afford him greater access to the law library at Otis Bantum Correctional Center [ECF No. 12]. After conducting a telephone conference with the parties, the Court issued a detailed Opinion & Order denying the motion for a preliminary injunction [ECF No. 17].

    Thereafter, Defendant the City of New York filed a motion to dismiss the original complaint [ECF Nos. 21, 22, 23, 24]. Plaintiff responded with a motion to amend [ECF No. 25], as well as an opposition and numerous other filings seeking reconsideration of the Court's decision denying Plaintiff's motion for a preliminary injunction. The Court later denied as moot the City's motion

to dismiss, granted Plaintiff leave to amend, and denied his requests for reconsideration of the Court's denial on preliminary relief [ECF No. 48].

Plaintiff proceeded to file numerous requests, including a recusal motion, which the Court denied, and several requests for leave to amend, which the Court granted [*see* ECF Nos. 73, 79, 83]. In an Order dated October 6, 2023, the Court directed Plaintiff to file his amended complaint by November 1, 2023 [ECF No. 83]. The Court warned:

> There will be no further opportunities for Plaintiff to amend. Failure to file an amended pleading by November 1, 2023 will be considered a waiver of the opportunity to amend. Moreover, in the light of the history and age of this case, failure to comply with this Order and timely file an amended pleading may result in dismissal of this action with prejudice for failure to prosecute.

[ECF No. 83]. Plaintiff failed to comply with the Court's October 6, 2024 Order. Instead of filing a timely amended pleading, Plaintiff filed two more motions.

In an Order dated December 6, 2023, the Court directed Plaintiff to file an amended complaint by January 8, 2024 [ECF No. 87]. The Court warned Plaintiff that failure to comply would result in dismissal for failure to prosecute [ECF No. 87].

Plaintiff then filed the Amended Complaint [ECF No. 88]. He also filed (1) a letter stating that he opposed Defendant's contemplated motion to dismiss his case [ECF No. 91], and (2) a letter to the Chief Judge "to complain about [his] presiding Judge" and request a new judge [ECF No. 90]. Plaintiff has not taken any action to prosecute this case since filing those letters more than nine months ago.

The Court issued an Order explaining that "[t]here is no basis for my recusal in this case" [ECF No. 92]. In the same Order, the Court set a briefing schedule for Defendant's contemplated motion to dismiss this case. The Court expressly directed Plaintiff to file an opposition by a certain deadline [ECF No. 92].

2

Defendant timely filed a motion to dismiss to the Amended Complaint [ECF Nos. 93, 94, 95, 96]. Plaintiff, however, failed to file his opposition.

In an Order To Show Cause dated July 15, 2024, the Court directed Plaintiff to file a letter by August 1, 2024 showing cause why this case should not be dismissed for failure to prosecute [ECF No. 97]. The Court warned Plaintiff that failure to comply might result in dismissal with prejudice [ECF No. 97]. However, Plaintiff failed to file the required letter or take any other action to prosecute this case.

The Court issued a Second Order To Show Cause on August 15, 2024 [ECF No. 98]. The Court explained that it was giving Plaintiff one, final opportunity to avoid dismissal because he "is *pro se* and previously did attempt to prosecute his case" [ECF No. 98]. The Court directed Plaintiff to file a letter by September 3, 2024. The Court explained: "**Plaintiff is on notice that this is his last chance.** Failure to comply with this order and prosecute this case will result in dismissal with prejudice" [ECF No. 98]. However, Plaintiff failed to file the required letter or take any other action to prosecute this case.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste*, 768 F.3d at 217; *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that

3

he faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *See Baptiste*, 768 F.3d at 216.

The Court has carefully weighed each of these factors and concludes that dismissal is warranted. The first factor, the duration of Plaintiff's noncompliance, weighs in favor of dismissal. As explained above, Plaintiff has not taken any action to prosecute this case for more than nine months. The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal. *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

Second, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case might result in dismissal, including two Orders To Show Cause why the case should not be dismissed for failure to prosecute [ECF Nos. 97, 98; *see* ECF Nos. 79, 83, 87]. The Court first warned Plaintiff that failure to comply with a court order and to prosecute his case might result in dismissal more than a year ago [ECF No. 79]. The Court again warned Plaintiff about the possibility of dismissal in the October 6, 2023 Order directing him to file an amended complaint [ECF No. 83]. The Court repeated the warning in its December 6, 2023

4

Order [ECF No. 87].

In the July 15, 2024 Order To Show Cause, the Court specifically warned Plaintiff: "Failure to comply with this Order may result in dismissal with prejudice" [ECF No. 97]. In the August 15, 2024 Order To Show Cause, the Court wrote: "**Plaintiff is on notice that this is his last chance.** Failure to comply with this order and prosecute this case will result in dismissal with prejudice" [ECF No. 98]. These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468.

Third, the Court concludes that Defendant is likely to be prejudiced by further delay. The City has already expended resources responding to Plaintiff's myriad filings, beginning with his motion for a preliminary injunction [*see* ECF Nos. 12, 17]. Moreover, the City has sought to dismiss this case since February of 2021 [ECF No. 21]. However, the Court has refused to dismiss the case before giving the *pro se* Plaintiff every opportunity to amend his pleading and oppose the motion to dismiss. Because of Plaintiff's failures to comply with court orders, this case has been stalled at the pleading stage for more than three years. Discovery has not yet begun. If the Court were to give Plaintiff even more time to file an opposition and then deny Defendants' motion to dismiss, Defendants could be prejudiced in their abilities to mount a defense because the events at issue have grown stale while Plaintiff has failed to prosecute this case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence becomes increasingly unlikely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251

(2d Cir. 2004). The Court has hundreds of cases and cannot spend its days attempting to prompt plaintiffs to prosecute them. The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including opportunities to amend, to oppose the motion to dismiss, and to simply file a letter stating that the case should not be dismissed for failure to prosecute. Plaintiff failed to take those opportunities.

Finally, the Court has considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot simply impose monetary sanctions on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. As such, in this circumstance, the Court finds that dismissal is the appropriate sanction.

### III.   CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

The Clerk of Court respectfully is requested to close all open motions, to close this case, and to mail this Order to Plaintiff at the last address he provided.

**SO ORDERED.**

**Date: September 30, 2024**                         **MARY KAY VYSKOCIL**
**New York, NY**                                          **United States District Judge**